and we move to the second case this morning United States v. Ramirez okay mr. Hillis morning may it please the court counsel my name is Daniel Hillis and with the federal public defender's office may represent mr. Ramirez he procedurally aired by not considering my clients aging out defense now aging out is a recognized ground for a reduced sentence to very downward it should be taken to account in any event in the correct assessment of the relevant who recognize it yes circuit in Presley your honor and there's an abundance of statistics that's been they have been cited in the Presley decision from the Bureau of Justice and statistics so the Presley decision is a fairly recent origin in the Seventh Circuit I mean not so new that we have cause to doubt it but it's been within the last I think ten years that the court this court is recognized aging out and furthermore the statistics account for that as well so when a person reaches the age of 40 and proceeds beyond that they are in a period of declining criminality so aging out is a well-established ground for a lower sentence government points out that my clients lawyer did not wreck did not advance aging out until the district court began to inquire about issue was raised even by the court it must then be considered by the court in a proper imposition of sentence and there's the procedural error in this case because my client specific his lawyer specifically mentioned aging out at page 13 in the appendix so the judge should have considered it under Cunningham and that line of cases and as the government's brief is unable to indicate anywhere where the judge did address it we believe there is a pretty definite record here to show the procedural error that would warrant resentencing vacating the instant sentence remanding for reimposition of sentence with consideration of the aging out argument for Cunningham Chapman in those cases. Is there a level of examination that you're asking of the district court to consider aging out based upon this defendants age obviously the activity engaged the frequency when I hear aging out as a defense I often disaggregate certain crimes from others say some crimes like a sexual offense may not be aged out of but something that would be more violent would be aged out of what level of specificity are you asking for the district court to apply on a remand? I believe like your honor just explained it it's on a case by case basis so there may be certain offenses that we are unable to say are as apt to an aging out say a fraud offense and we've got other cases that involve more violent activity that the statistics track even better to show that there is an aging out so the type of offense does matter in the particular circumstance of the individual need to be accounted for problem here though judges that that wasn't done there's nothing said about aging out so I would say that how much has to be more than 0 and here it was 0 so that's where are we being off so we need to change this again to include that said it. The judge needs to include that yes your honor under Cunningham Chapman in those cases this is recognized area for a lower sentence so ground of recognized legal merit has to be accounted for as part of the procedural calculus. Did the judge here ask the question at the end of the sentencing hearing whether he had adequately addressed the arguments in mitigation I don't recall that judge if he did it hasn't been the focus of any response from the government such that we can allay any concerns and say this is harmless so that's the short answer on that as far as I can recall okay and what do we make of the fact that the counsel in the same paragraph where he raised the aging out point. Says it's not a strong argument because he was incarcerated most of the time most of us don't want. And I think I recall correctly I hope I'm not confusing cases here. But basically got in trouble very quickly after every release. If you're not confusing anything or recollections excellent but my client was some lawyer was simply fronting what there are by way of some problems with an aging out defense but excuse me argument but nevertheless it remains something the district court should account for in the district court could have embraced those facts and said that is not convinced that there is an aging out here but nevertheless it had to occur and I think that my clients Council may have misperceived the aging out by explaining things the way they did statistically even though there have been periods of incarceration that followed hard on the heels of release. Age is the relevant benchmark for determining aging out that's I don't see anything statistics to say that the period of time in which there is recidivism suggest the person is not subject to a ballot aging argument. It is a function of age should have been considered and it was. It's great for their questions on this point if not I'd like to move briefly to the subject of unreasonableness as if the day isn't hard enough already. No you're busy today, Mister Hills. It's not that judge it is substantive unreasonableness as your honor indicated prior argument is a tough road to climb. Court has allowed some stiff unreasonable this challenges before only one made by the government so it appears to us that it is a one-way ratchet it's an upward escalator, but under the case law that shouldn't be so and so well other courts are not and we've done that when the government appealed guideline sentences. We're only going to go. Judge I don't have a ready answer for that so I don't want to give a bad answer for I just don't know where tracks relative to the guidelines. I can't say that in wrecking with this court's jurisprudence established was any over emphasis on a set particular sentencing factor is a basis to challenge for substantive unreasonableness so was a below guideline sentence in wrecking and here it's an above guidelines, but the factor never less works in the analysis the same way and so when the judge was concerned about my client's flight that had already been accounted for in the obstruction enhancement same for criminal history it was part of the guideline calculation itself when criminal history is factored in as part of the guideline determination. So these are the factors the district court relied on they've been amply accounted for especially with the flight and the flight we take issue with anyway because there's nothing about a particular rate of speed that my client traveled at such that it was especially dangerous. There's nothing in the record to show that there are a lot of people around that there are any people was the police were giving chase and that is a normal part of police activity it can result in some dangerousness but there's nothing that was especially dangerous in any of the facts that are of record here and so when the district court emphasized those two things we believe that's an overstatement over emphasis not under wrecking analytically this case falls within the parameters. Trying to escape doesn't make any difference in counsel right? Oh no judge see we already have the obstruction enhancement so that's accounted for it's then when it is counted for again as a basis to give an uptick that's 26% above the high end of the guideline range that we have a substantively unreasonable sentence by overemphasizing that particular it may may make sense so doesn't it really? Well it can if there is a sufficient level of explanation that shows that there's no overstatement but that wasn't done. Judge is not required to go into explanation in detail as you're indicating. Not an undue amount of discussion judge but an appropriate level we don't think that occurred here. So with that I reserve the balance of my time. Thank you. Good morning your honors and may it please the court. Nathaniel Whalen here on behalf the United States of America. The court did not procedurally err at sentencing and the court sentence was not substantively unreasonable. The district court has an obligation to address all principal arguments in mitigation. There is nothing principal about Mr. Ramirez's that he was allegedly aging out of criminal activity. In fact as Judge Hamilton notes defense counsel said they did not have a strong argument for it. And defense counsel was conceding truthfully what he had to which is defendants who are aging out of criminal activity are not sitting in jail for yet another crime. And Judge Hamilton you are remembering correctly that this is a defendant who more or less since 1998 until the time of sentencing had been facing some sentence or another some criminal activity or another. And the district court noted that. I think Judge Keeney I think you're right that defense counsel is basically advocating that there is now a checklist of things you have to consider. And so because this court said impressly that you have to aging out to relevant arguments now every district court judge is gonna have to consider that at sentencing. Especially when it's not raised in the sentencing memo. Even when it's not raised in the defendant's initial argument. Even when the defendant concedes it's not a strong argument for his case. And there's no support for that in the case law anywhere. Judge Hamilton. Maybe you're about to answer my question. Have I addressed things sufficiently? The district court did not ask that question your honor. Do you know whether Judge Lichty does that routinely or was this an aberration? You know this was one of Judge Lichty's early sentencings your honor. I've truthfully not seen another one of the sentencing transcripts since. I know we've suggested we've suggested to our South Bend AUSAs that they should bring that up at sentencing in hope of avoiding this type of appeal going forward. Maybe I'm not tracking precisely the question that Judge Hamilton is making reference to. I do see at appendix 27 of the court at the end saying Mr. Vander Kooi do you have any objections with the proposed sentence or the reasons for it? Yeah that doesn't that's that's not we've said that's not quite specific enough. The specific point was a something developed in the case law in the wake of the Cunningham line of cases where you know I know there was an opinion by Judge Flom and another one by me following up encouraging district judges to avoid the Cunningham kind of reversal and trying to reconstruct their thinking 12 to 18 months after the sentencing by saying have I addressed your principal arguments in mitigation and then if the answer is no then the judge can can do it then. Think about it. I don't know Mr. Hillis I'm sure you see more of this than any of us but how that's working in practice. Yeah Judge we've been pretty successful with that in our district I think usually and you know I think frankly if the court had asked this question in this case defense counsel would say yes because aging out was not one of his principal arguments in mitigation it was at most I don't want to answer the question for him your honor unless this court has any questions on the procedural reasonableness I want to turn to the substantive reasonableness or I guess procedural sensing. There is no rule in when they're going to get reversed for a substantively unreasonable sentence. It's an abuse of discretion standard and the district court has wide discretion as to the sentences that it gives. This case it wasn't a by above guideline sentence but the district court justified that with sufficient rationale. It noted that Mr. Ramirez has a lengthy criminal history and yes some of his criminal history was accounted for but as the district court noted there were eight criminal convictions that weren't accounted for. The guidelines also don't take into account the fact that some of these the two crimes he did get points for the guidelines treat the same really regardless of the severity of the crimes and the district court I think was rightfully disturbed that one of the crimes was basically a drive-by shooting into a house with people inside. The other crime was what the district court described and I'm paraphrasing here is a battery where the defendant broke someone's jaw and then laughed broke the jaw of his children's mother and then laughed at her as she's blacking out. The court's allowed to consider that in imposing its sentence and the court rightfully gave it the weight that it was entitled to. In terms of the argument about the flight the reckless endangerment enhancement applies in where there's maybe even one person put at risk. What we have here is the defendant engaging in a high rate of speed at 730 in a busy commercial district in South Bend and we know it's a busy commercial district because the PSR talks about the fact that he's driving through a Campbell Woods suites he ends at a 7-eleven and this is dinnertime your honors. The PSR talks about the fact that there's he's driving through streets and parking lots with other cars presence he's driving through red lights that isn't especially well your honor the PSR has both right it does say red lights in paragraph eight and then later on it I'm sorry paragraph four and then it talks about one later on but I don't think that matters. The point is this is a commercial district and if the defense thought there wasn't a high rate of speed they should have objected down below we have the case agent ready willing and able to testify about the facts of this event they didn't and so when the PSR says in paragraph 8 that this is a high-speed chase at the high rate of speed it says in paragraph 11 defendants driving at a high rate of speed if defense counsel really truly had a problem with that and thought the district court couldn't rely on that they should have objected they didn't and so the court adopted these findings as its own because they were uncontested so the argument is to the facts is waived your honors this was a substantively reasonable sentence and the district court considered the 3553 a factors unless this court has any particular questions on either of the issues we would ask that you affirm the sentence thank you thank you mr. Hills yes your honor the defense is not asking for a checklist process we're just asking for a Cunningham compliant process where the district court addresses principal arguments and mitigation and it didn't happen and your courts jurisprudence is excellent to advise district courts on how to avoid appeals of this type but if a district court doesn't batten down the it is not an unfair consequence because clients there's not a not a chance of avoiding appeals of sentences in this time and place but we would love to see appeal waivers go out the window altogether your honor but that's not a view that is engaged in by others certainly those in robes so we understand courts are busy places but when rights come to issue courts are supposed to consider these things and it should consider it in this case and the judge just didn't address the matter once raised didn't engage in the sort of questioning that judge Hamilton mentioned I'll say lastly as to the substantive reasonableness the defense isn't required to bring in the government's witnesses to have a better record for the government to work with on the appeal so we won't be asking the government's agents questions to scuttle our chances on an appeal but we will allow the government of course to make the best record that it can thank you counsel thanks to both counsel and the case is taken under advisement